In the Matter of IRENE L. FEASTER et al., Appellants, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, October 28, 1958.

*Benjamin M. Zelman* of counsel (*Irving P. Zelman* with him on the brief; *Zelman & Zelman,* attorneys), for appellants.

*Joseph F. Gibbons* of counsel (*Seymour B. Quel* and *Rose Schneph* with him on the brief; *Peter Campbell Brown, Corporation Counsel*), for respondent.

*Per Curiam.* Petitioners, a group of college science assistants and science technicians, challenge regulations of the respondent Board of Higher Education which provide that their rights to sabbaticals, sick leave, maternity leaves and leaves for special purposes be governed by provisions applicable to the administrative staff. They allege that they are members of the instructional staff by virtue of the provisions of section 6206 of the Education Law (subd. 1, par. c; subd. 3, par. b) and section 70 of the board's by-laws, and that the board's action in denying them the leave rights applicable to other members of the instructional staff is arbitrary, discriminatory and in contravention of the aforementioned sections. A reading of section 6206, on which petitioners rely, does not compel such a conclusion, for it purports to treat science assistants and technicians as members of the instructional staff solely for purposes of tenure. It does not follow that they thereby become entitled to *all* the rights and privileges of the instructional staff in every category. While section 70 of the board's by-laws classifies science assistants and technicians as members of the instructional staff, section 201 of the same by-laws distinguishes between petitioners and other members of the instructional staff for purposes of sick leave.

Other than the aforementioned statute and by-laws, which may be relevant but in and of themselves do not establish petitioners' status as asserted herein, no facts are pleaded as to the nature of the qualifications and duties of science assistants and technicians to support the conclusory allegations that they are entitled to be treated as members of the instructional staff in all respects and that the distinctions drawn by the board for leave purposes are arbitrary and discriminatory. Lacking such allegations, the petition is insufficient.

It may well be that there can be no reasonable basis in fact for denying petitioners the same leave privileges as are granted to the instructional staff. Petitioners should be given the opportunity to present a new petition, properly tendering triable

issues as to whether respondent's regulations were arbitrary, or as to whether respondent made rational distinctions in the proper exercise of its broad discretionary powers. The orders appealed from should be affirmed, on the law, with costs to respondent, with leave to petitioners to serve an amended petition.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and STEVENS, JJ., concur.

Orders unanimously affirmed on the law, with $20 costs and disbursements to the respondent, without prejudice, however, to the commencement of a new proceeding, upon a proper petition, for the same relief.